UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

DESMOND CHARLES MINETEE (D-2),

    Defendant-Petitioner.

_____/

Case No. 15-20564

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE [110] AND
DENYING DEFENDANT'S MOTIONS TO APPOINT COUNSEL [114] [117]**

The matter is before the Court on Defendant-Petitioner Desmond Charles Minetee's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Dkt. 110.) The government opposes this motion. (Dkt. 116.) Defendant also requests the appointment of counsel. (Dkts. 114, 117.) For the reasons set forth below, the Court DENIES Defendant's § 2255 motion and DENIES his motions for the appointment of counsel.

**I.**     **Background**

Defendant was charged in this matter with carjacking in violation of 18 U.S.C. § 2119(1) and using, brandishing, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (Dkt. 35.) The charges stemmed from an incident in which Defendant approached a man in his car, pointed a handgun at him, and demanded his car. (*See* dkt. 52, PgID 194.) As the man exited the car, Defendant fired a shot at the ground near him and the victim fled. (*Id.*)

On February 1, 2016, Defendant pleaded guilty to the § 924(c) count. (*Id.* at PgID 193.) In exchange for his plea, the government dismissed the carjacking count. (*Id.* at PgID 198.) The Court imposed a sentence of 84 months of imprisonment and entered judgment on June 16, 2016. (Dkt. 89.) Defendant did not file a direct appeal. On July 19, 2019, Defendant filed a motion requesting counsel to assist him in the filing of a motion under § 2255. (Dkt. 108.) The Court denied that motion. (Dkt. 109.) On August 6, 2019, Defendant brought the instant motion. (Dkt. 110.) Defendant also renewed his request for the appointment of counsel twice. (Dkts. 114, 117.)

## II. Legal Standard

Under § 2255(a), "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To prevail on a § 2255 motion, the petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *see also Anderson v. United States*, 246 F. Supp. 2d 758, 760 (E.D. Mich. 2003).

## III. Analysis

Defendant asks the Court to vacate his conviction under § 924(c) because the Supreme Court invalidated § 924(c)(3)(B) as unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). The government argues that Defendant is not entitled to relief under *Davis*.

Under § 924(c), it is a federal crime to use or carry a firearm during and in relation to a crime of violence. The statute defines "crime of violence" as an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3). Subsection (A) is known as the "elements clause," and subsection (B) is known as the "residual clause." While *Davis* invalidated § 924(c)'s residual clause, it left intact § 924(c)'s elements clause. Thus, a conviction under § 924(c) remains valid if the predicate offense is a crime of violence under the elements clause.

Here, the underlying offense is carjacking as alleged in count one of the indictment. (*See* dkt. 35, PgID 156.) The Sixth Circuit recently held that "carjacking constitutes a crime of violence under § 924(c)'s elements clause." *See United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019). Thus, *Davis* has no impact on Defendant's case and his conviction is valid under § 924(c)(3)(A). Because Defendant is not entitled to relief, his § 2255 motion is denied.

## IV.  Defendant's Request for Counsel

Because the Court is denying Defendant's motion under § 2255, his request for counsel is moot. Moreover, prisoners mounting collateral attacks upon their convictions do not have an absolute right to counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). And while the Court has the discretion to appoint counsel if "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), some of the factors the Court "consider[s] when making the decision to appoint counsel include the viability or frivolity

of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case," *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004) (citations omitted). Here, Defendant's claim lacks merit, the nature of his claim is not complex, and he has demonstrated an ability to present his case. Because all of relevant factors weigh against the appointment of counsel, Defendant's motions for the appointment of counsel are denied.

**V.      Certificate of Appealability**

Federal Rule of Appellate Procedure 22(b) provides that a petitioner cannot take an appeal in a § 2255 proceeding unless a certificate of appealability is issued under 28 U.S.C. § 2253(c). Rule 11 of the Rules Governing Section 2255 Proceedings requires that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

Because Defendant has failed to show that reasonable jurists could debate whether his petition should have been resolved in a different matter, the Court will deny him a certificate of appealability.

**VI.     Conclusion**

Based upon the foregoing, it is ordered that Defendant's § 2255 motion is DENIED WITH PREJUDICE. It is further ordered that a certificate of appealability is DENIED. It is also ordered that Defendant's motions for counsel are DENIED.

SO ORDERED.

                              s/Nancy G. Edmunds
                              Nancy G. Edmunds
                              United States District Judge

Dated: November 20, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 20, 2019, by electronic and/or ordinary mail.

                              s/Lisa Bartlett
                              Case Manager