UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DESMOND CHARLES MINETEE (D-2),

    Defendant.

_____/

Case No. 15-20564

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [139]**

Defendant Desmond Charles Minetee is currently in the custody of the Federal Bureau of Prisons ("BOP") at the United States Medical Center for Federal Prisoners in Springfield, Missouri. The matter is before the Court on Defendant's second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 139.) The government opposes the motion. (ECF Nos. 141, 143.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motion.

**I.    Background**

On February 1, 2016, Defendant pled guilty to using, brandishing, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (ECF No. 52.) This conviction stems from an incident in which Defendant approached a man in his car, pointed a handgun at him, and demanded his car. As the man exited the car, Defendant fired a shot at the ground near him and the victim fled.

1

On June 16, 2016, the Court imposed a sentence of 84 months of imprisonment. (ECF No. 89.)  Defendant's projected release date is March 9, 2022.  Defendant first moved for compassionate release based on the health concerns associated with the COVID-19 pandemic in November 2020, but that motion was denied without prejudice due to Defendant's failure to exhaust his administrative remedies.  (ECF No. 137.) Defendant now moves for his release once again.  He states he submitted a request for compassionate release to the warden at his facility but has not received a response. Defendant also states he had COVID-19 in December 2020.  The government has submitted Defendant's medical records, which indicate he received the second dose of the Moderna vaccine on May 13, 2021.  (ECF No. 143-1, filed under seal.)

## II.     Analysis

The compassionate release provision set forth in § 3582(c)(1)(A) allows district courts to reduce a term of imprisonment for "extraordinary and compelling reasons."  *See United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020).  Under this provision, a defendant may bring a motion for compassionate release on his own behalf after 1) exhausting the BOP's administrative process, or 2) thirty days have passed from the warden's receipt of a request for release from the defendant—whichever is earlier.  *Id.* at 1105.  Before granting compassionate release pursuant to § 3582(c)(1)(A), a court must conduct the following "'three-step inquiry:'" the court must 1) "'find' that 'extraordinary and compelling reasons warrant a sentence reduction,'" 2) "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" and 3) "'consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'"  *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101).  The Sixth

2

Circuit has held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is not an applicable policy statement for compassionate release motions brought directly by defendants. *Id.* at 519. Thus, in such cases, a court need not consider § 1B1.13 and has the discretion to define "extraordinary and compelling." *Id.* at 519-20.

The government states it is unclear whether Defendant has now satisfied the exhaustion requirement but does not object on this basis. The Court will therefore address Defendant's motion on the merits. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) (holding that while the exhaustion requirement is mandatory, as a non-jurisdictional claim processing rule, it can be waived or forfeited by the parties in a particular proceeding). The government relies instead on its argument that there are no extraordinary and compelling reasons warranting Defendant's release because he is a young, physically healthy individual who has been fully vaccinated. The government further argues the § 3553(a) sentencing factors weigh against compassionate release.

This Court has previously found that access to the vaccine mitigates the health concerns that may otherwise constitute extraordinary and compelling reasons in light of the pandemic. *See United States v. Cohen*, No. 09-20326, 2021 U.S. Dist. LEXIS 77118, at *4 (E.D. Mich. Apr. 22, 2021). But even if Defendant could show extraordinary and compelling reasons, the Court would not grant him the relief he seeks.

Under § 3582(c)(1)(A), the Court must consider the sentencing factors set forth in § 3553(a) to the extent that they are applicable. These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law and provide just punishment for the offense, general and

specific deterrence, protection of the public, and the need to avoid unwarranted sentence disparities.  *See* § 3553(a).

Here, the nature and circumstances of the underlying offense are serious.  At the time of sentencing, the Court considered the relevant sentencing factors and found a sentence of 84 months to be appropriate.  And during the time Defendant has served thus far, he has had over twenty disciplinary incidents, many of which involve fighting, threatening bodily harm, or refusing to obey orders from prison staff.  (ECF No. 141-2.)  Thus, a sentence reduction would not be consistent with the § 3553(a) factors.

### III.    Conclusion

For the foregoing reasons, Defendant's motion for compassionate release is DENIED.

SO ORDERED.

　　　　　　　　　　　　　　　　s/Nancy G. Edmunds
　　　　　　　　　　　　　　　　Nancy G. Edmunds
　　　　　　　　　　　　　　　　United States District Judge

Dated: June 14, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 14, 2021, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　s/Lisa Bartlett
　　　　　　　　　　　　　　　　Case Manager